

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-82,831-01

### IN RE LUIS SOLIS-GONZALEZ, Relator

### ON EMERGENCY APPLICATION FOR A WRIT OF MANDAMUS
### CAUSE NO. 20120D04103
### FROM THE 243RD DISTRICT COURT
### EL PASO COUNTY

PER CURIAM.

### OPINION

In August 2012, a grand jury indicted relator for the offense of capital murder. Pursuant to Texas Code of Criminal Procedure art. 38.43, the state moved for DNA testing of biological material that had been collected in the case. Such testing was to be performed by the Texas Department of Public Safety forensics laboratory. The trial court granted that testing.

Because of the large number of pieces of biological material collected, the laboratory advised the trial court that it would be unable to complete testing on all pieces until June of 2015, nearly three years after relator was indicted. The trial court advised the parties of its intent to have a pretrial

hearing to determine the applicability of Art. 38.43. In a letter to the defense on October 6, 2014, the trial court directed the defense to identify any necessary piece of material that it believed the state had failed to submit for testing and to provide justification for testing of that material. At the pretrial hearing, the state asserted that it had submitted all of the collected material–more than 200 samples–but argued that testing every sample was unnecessary and that the testing that had already been performed was sufficient. The defense asserted that Art. 38.43 created an "absolute right to have all the evidence tested." In a prior order from proceedings in regard to relator's writ of mandamus, this Court gave the state and the trial court the opportunity to respond to the relator's pleadings. The state has responded. Relator has filed a motion for leave to file an emergency application for a writ of mandamus that would require that all biological material be tested.

## The Statute

Subsection (j) of Art. 38.43 states, "If the state and the defendant agree on which biological materials constitute biological evidence, the biological evidence shall be tested in accordance with Subsection (i). If the state and the defendant do not agree on which biological materials qualify as biological evidence, the state or the defendant may request the court to hold a hearing to determine the issue." It thus appears that the legislature granted discretion to the trial court to separate the evidentiary wheat from the chaff and prevent delay of the proceedings because of needless testing.

Art. 38.43 differentiates biological material, for which testing is not required, and biological evidence, which must be tested. The statute defines biological evidence as:

1) the contents of a sexual assault examination kit; or
2) any item that contains blood, semen, hair, saliva, skin tissue, fingernail scrapings, bone, bodily fluids, or any other identifiable biological material that was collected as part of an investigation of an alleged felony offense or conduct constituting a felony offense that might reasonably be used to:

A) establish the identity of the person committing the offense or engaging in the conduct constituting the offense; or

B) exclude a person from the group of persons who could have committed the offense or engaged in the conduct constituting the offense.

## The Trial Court's Ruling

The trial court convened a pre-trial hearing on October 2, 2014, to determine the applicability of Article 38.43 of the Code of Criminal Procedure to this case. Exercising its discretion under Article 38.43, the trial court issued an order stating that,

> having heard the summary of physical evidence that has already been analyzed by the Texas Department of Public Safety, and argument of counsel, [the court] is of the opinion that Article 38.43 does not mandate that every single piece of evidence seized by law enforcement in a capital murder case where the State is seeking the death penalty must be forensically analyzed. The court is of the opinion that the evidence that has been submitted and analyzed so far by DPS is sufficient and constitutes substantial compliance with the intent of the statute. The Defendant was instructed by the Court to identify any necessary piece of evidence that the State failed to submit for analysis and the justification for why that evidence should be tested by October 13, 2014. The defense response did not legally support any further delay of the trial.
>
> The State and the Defendant are hereby notified the lawsuit will proceed according to the notices announced and will remain on the trial docket for May 8, 2015.

The trial court thus ruled that further testing was unnecessary and that the case would move forward to trial.

## Conclusion

The state submitted all biological material in its possession for forensic analysis. After testing had been performed on a large part, but not all, of the submitted material, the trial court instructed the defendant to identify what untested material was necessary to his defense and to specify, by a date certain, why such testing was so necessary as to delay trial. The trial court found that the defense response did not legally support further delay.

The trial court has, in the absence of agreement by the state and defendant, the discretion to determine when all necessary biological evidence has been tested. Because it did not abuse that discretion when it ruled that further testing is unnecessary, we deny relief.

Delivered: May 4, 2016
Publish